*227 DECISION ON RECONSIDERATION
Background
This case arises out of the Respondent receiving a five-day suspension from her position as a blackjack dealer at Oneida Bingo and Casino. The suspension resulted in the progressive discipline process based on the Respondent’s late call in on April 5, 2008. Respondent appealed the suspension to the Area Manager who upheld the suspension. Respondent then appealed the Area Manager decision to the Oneida Personnel Commission (OPC). The OPC overturned the Area Managers decision. The Oneida Tribal Judicial System, Appellate Court found OPC committed a procedural irregularity that affected the outcome of this case and their decision was clearly erroneous. The Appellate decision is to reverse the OPC decision and reinstate the disciplinary action against the Respondent. The Respondent requests a reconsideration of the Appellate Court’s final decision. The Court denies the request.
Issues
Was the call-in unavoidable according to the Tribe’s Personnel Policies and Procedures (Blue Book)?
Is the suspension a result of a Department’s SOP that is not compliant with the Tribe’s Personnel Policies and Procedures?
Is the 5-day suspension a result of an expression of unfair or unjust treatment?
Analysis
Was the call-in unavoidable according to the Tribe’s Personnel Policies and Procedures (Blue Book)?
No, it was not. There is no real clear definition for an unavoidable call-in according to the Blue Book, In this case, the Appellate Court considers the call-in completely avoidable. The Respondent utilized her cell phone prior to obtaining a new alarm clock. Not checking the accuracy of the alarm clock is determined to be a human error that the Respondent had total control of before depending on it to wake her up for work.
Is the suspension a result of a Department’s SOP that is not compliant with the Tribe’s Personnel Policies and Procedures?
No, it is not. The Appellate Court found the Table Games SOP inoperative, therefore, the court did not take the non-compliant SOP into consideration. However, the Appellate Court upheld the suspension based on the Blue Book. In using the criteria of Section IV the court found that not checking the alarm clock was human error and completely avoidable.
Is the 5 day suspension a result of an expression of unfair or unjust treatment?
No, it is not. The Tribe provides employee protection for employees who grieve unfair practices. The Tribe also provides safety measures for employees who are afraid of retaliation. The Court is confident supervisors in the Table Games Department are aware of this service to our employees. The Court is also confident supervisors will not retaliate against employees who are making positive changes in their work environment. In this case, the Court commends Respondent for helping to bring an inoperative SOP into compliance with the Tribes Personnel Policies and Procedures.
Did the reconsideration meet the criteria of Rule 24 Rules of Appellate Procedure?
No, it did not. The Appellate Court did not find new evidence to consti *228 tute a reconsideration of our prior decision. Actions committed after the 6-day suspension decision is not a part of this case and will not be taken into consideration.
Decision
Respondent’s reconsideration request is denied.